Grant E. Kinsel, Bar No. 172407
GKinsel@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East
Suite 1700
Los Angeles, CA 90067
Telephone: 310.788.9900
Facsimile: 310.788.3399
[Additional counsel on signature page]

Attorneys for JUMIO CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

FACETEC, INC.,

*Plaintiff*,

v.

JUMIO CORPORATION,

*Defendant*.

Case No. 3:24-cv-3623-RFL

JUMIO CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT; COUNTERCLAIMS; JURY TRIAL DEMAND

Defendant Jumio Corporation ("Jumio") answers the complaint of FaceTec, Inc. ("FaceTec") as follows:

1.  Jumio lacks knowledge or information sufficient to form a belief as to the truth of the allegations, if any, contained in paragraph 1, and on that basis, denies them.

2.  Jumio admits that is a Delaware corporation with a regular and established place of business at 100 Mathilda Place, Suite 100, Sunnyvale, CA 94086. Jumio denies that it is a Delaware limited corporation.

3.  Jumio admits that this case purports to be an action for patent infringement. Jumio denies that it has infringed or is infringing any valid claim of FaceTec's patents. Except as expressly admitted, Jumio denies the remaining allegations, if any, contained in paragraph 3.

4.  Denied.

5.  Jumio admits that this case purports to be an action for patent infringement. Jumio admits that this Court has subject-matter jurisdiction over patent-infringement cases. Jumio consents, for purposes of this action only, to the personal jurisdiction of this Court. Jumio denies that it has infringed or is infringing any valid claim of FaceTec's patents in this State or District or anywhere else. Jumio admits that it does business in this District and this State. Except as expressly admitted, Jumio lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, if any, contained in paragraph 5, and on that basis, denies them.

6.  Jumio admits that venue is proper in this case in this District pursuant to 28 U.S.C. § 1400(b). Jumio expressly denies that it has infringed or is infringing any valid claim of FaceTec's patents in this District or anywhere else. Except as expressly admitted, Jumio denies the remaining allegations, if any, contained in paragraph 6.

7.	Jumio admits that it has its headquarters and a regular and established place of business in Sunnyvale, California. Jumio admits that Sunnyvale, California is in Santa Clara County. Jumio admits that this case is properly assigned to the San Jose Division of this Court under Local Rules 3-2(c) and (e). Jumio expressly denies that it has infringed or is infringing any valid claim of FaceTec's patents at its regular and established place of business in Sunnyvale, California, in Santa Clara County, or anywhere else. Except as expressly admitted, Jumio denies the remaining allegations, if any, contained in paragraph 7.

8.	No response to paragraph 8 is required, but to the extent that a response is deemed required, Jumio denies the allegations, if any, contained in paragraph 8. In particular, to the extent paragraph 8 alleges any actions taken by Jumio or caused by Jumio's products that would be the basis for infringement of any valid claim of FaceTec's patents, Jumio denies that it has infringed or is infringing any valid claim of FaceTec's patents.

9.	Jumio denies that FaceTec is a leader in biometric liveness detection technology. Except as expressly denied, Jumio lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, if any, contained in paragraph 9, and on that basis, denies them.

10.	To the extent paragraph 10 describes any FaceTec product, Jumio lacks knowledge or information sufficient to form a belief as to the truth of the allegations, if any, contained in paragraph 10, and on that basis, denies them. Otherwise, no response to paragraph 10 is required, but to the extent that a response is deemed required, Jumio denies the allegations, if any, contained in paragraph 10.

11.	To the extent paragraph 11 describes any FaceTec product, Jumio lacks knowledge or information sufficient to form a belief as to the truth of the allegations, if any, contained in paragraph 11, and on that basis,

denies them. To the extent paragraph 11 alleges any actions taken by Jumio or caused by Jumio's products that would be the basis for infringement of any valid claim of FaceTec's patents, Jumio denies that it has infringed or is infringing any valid claim of FaceTec's patents. Otherwise, no response to paragraph 11 is required, but to the extent that a response is deemed required, Jumio denies the allegations, if any, contained in paragraph 11.

12. To the extent paragraph 12 asserts invention by FaceTec or any FaceTec personnel of any particular liveness-detection technology or asserts a particular scope of any FaceTec patent, denied. Otherwise, Jumio lacks knowledge or information sufficient to form a belief as to the truth of the allegations, if any, contained in paragraph 12, and on that basis, denies them.

13. To the extent paragraph 13 asserts invention by FaceTec or any FaceTec personnel of any particular liveness-detection technology or asserts a particular scope of any FaceTec patent, denied. Otherwise, Jumio lacks knowledge or information sufficient to form a belief as to the truth of the allegations, if any, contained in paragraph 13, and on that basis, denies them.

14. To the extent paragraph 14 asserts invention by FaceTec or any FaceTec personnel of any particular liveness-detection technology or asserts a particular scope of any FaceTec patent, denied. Otherwise, Jumio lacks knowledge or information sufficient to form a belief as to the truth of the allegations, if any, contained in paragraph 14, and on that basis, denies them.

15. To the extent paragraph 15 asserts invention by FaceTec or any FaceTec personnel of any particular liveness-detection technology or asserts a particular scope of any FaceTec patent, denied. Otherwise, Jumio lacks knowledge or information sufficient to form a belief as to the truth of the allegations, if any, contained in paragraph 15, and on that basis, denies them.

16. To the extent paragraph 16 asserts invention by FaceTec or any FaceTec personnel of any particular liveness-detection technology or asserts

a particular scope of any FaceTec patent, denied. Otherwise, Jumio lacks knowledge or information sufficient to form a belief as to the truth of the allegations, if any, contained in paragraph 16, and on that basis, denies them.

17. To the extent paragraph 17 asserts invention by FaceTec or any FaceTec personnel of any particular liveness-detection technology or asserts a particular scope of any FaceTec patent, denied. Otherwise, Jumio lacks knowledge or information sufficient to form a belief as to the truth of the allegations, if any, contained in paragraph 17, and on that basis, denies them.

18. To the extent paragraph 18 asserts invention by FaceTec or any FaceTec personnel of any particular liveness-detection technology or asserts a particular scope of any FaceTec patent, denied. Otherwise, Jumio lacks knowledge or information sufficient to form a belief as to the truth of the allegations, if any, contained in paragraph 18, and on that basis, denies them.

19. To the extent paragraph 19 asserts invention by FaceTec or any FaceTec personnel of any particular liveness-detection technology or asserts a particular scope of any FaceTec patent, denied. Jumio denies that any FaceTec's technique claimed by or described in any FaceTec patent solves or solved problems in the prior art. Jumio further denies that any claim of any FaceTec patent is valid and enforceable. Except as expressly denied, Jumio lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, if any, contained in paragraph 19, and on that basis, denies them.

20. To the extent paragraph 20 asserts invention by FaceTec or any FaceTec personnel of any particular liveness-detection technology or asserts a particular scope of any FaceTec patent, denied. Jumio denies that any FaceTec product that practices the technology claimed by or described in any FaceTec patent has been or is highly successful and used worldwide. Jumio further denies that any claim of any FaceTec patent is valid and enforceable.

Except as expressly denied, Jumio lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, if any, contained in paragraph 20, and on that basis, denies them.

21.     Jumio denies that any claim of any FaceTec patent is valid and enforceable. Except as expressly denied, Jumio lacks knowledge or information sufficient to form a belief as to the truth of the allegations, if any, contained in paragraph 21, and on that basis, denies them.

22.     Jumio admits that Exhibit A to the Complaint purports to be a copy of U.S. Patent No. 10,776,471, titled "FACIAL RECOGNITION AUTHENTICATION SYSTEM INCLUDING PATH PARAMETERS." Jumio denies that such patent was issued June 10, 2014. Jumio lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, if any, contained in paragraph 22, and on that basis, denies them.

23.     Jumio admits that Exhibit B to the Complaint purports to be a copy of U.S. Patent No. 11,157,606, titled "FACIAL RECOGNITION AUTHENTICATION SYSTEM INCLUDING PATH PARAMETERS," and that the face of the exhibit reflects an issuance date of October 26, 2021. Jumio lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, if any, contained in paragraph 23, and on that basis, denies them.

24.     Jumio admits that Exhibit C to the Complaint purports to be a copy of U.S. Patent No. 11,693,938, titled "FACIAL RECOGNITION AUTHENTICATION SYSTEM INCLUDING PATH PARAMETERS," and that the face of the exhibit reflects an issuance date of July 4, 2023. Jumio lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, if any, contained in paragraph 24, and on that basis, denies them.

25. Jumio admits that Exhibit D to the Complaint purports to be a copy of U.S. Patent No. 11,874,910, titled "FACIAL RECOGNITION AUTHENTICATION SYSTEM INCLUDING PATH PARAMETERS," and that the face of the exhibit reflects an issuance date of January 16, 2024. Jumio lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, if any, contained in paragraph 25, and on that basis, denies them.

26. Jumio lacks knowledge or information sufficient to form a belief as to the truth of the allegations, if any, contained in paragraph 26, and on that basis, denies them.

27. Jumio lacks knowledge or information sufficient to form a belief as to the truth of the allegations, if any, contained in paragraph 27, and on that basis, denies them.

28. Denied. In addition to a general denial of the allegations contained in paragraph 28, Jumio specifically denies all allegations contained within Exhibits E, F, G, and H to the Complaint. Jumio also specifically denies all allegations contained in subparagraphs 28(a) through 28(f).

29. Denied. In addition to a general denial of the allegations contained in paragraph 29, Jumio specifically denies all allegations contained within Exhibits E, F, G, and H to the Complaint.

30. Jumio admits it had a previous contractual relationship with FaceTec. Except as expressly admitted, Jumio denies the remaining allegations, if any, contained in paragraph 30.

31. Jumio admits that it entered into a contractual business relationship with iProov Ltd. Jumio denies that it eventually broke its contract with FaceTec and thereafter contracted with iProov. Jumio denies that any liveness detection technology deployed by iProov for Jumio infringes any valid claim of the Asserted Patents. Except as expressly admitted, Jumio lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations, if any, contained in paragraph 31, and on that basis, denies them.

32. Denied. In addition to a general denial of the allegations contained in paragraph 32, Jumio specifically denies all allegations contained within Exhibits E, F, G, and H to the Complaint.

33. Denied.

34. Jumio incorporates its answers to the foregoing paragraphs as its response to paragraph 34.

35. Denied. In addition to a general denial of the allegations contained in paragraph 35, Jumio denies all allegations contained within Exhibit E to the Complaint.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Jumio incorporates its answers to the foregoing paragraphs as its response to paragraph 47.

48. Denied. In addition to a general denial of the allegations contained in paragraph 48, Jumio denies all allegations contained within Exhibit F to the Complaint.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Jumio incorporates its answers to the foregoing paragraphs as its response to paragraph 60.

61. Denied. In addition to a general denial of the allegations contained in paragraph 61, Jumio denies all allegations contained within Exhibit G to the Complaint.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Jumio incorporates its answers to the foregoing paragraphs as its response to paragraph 73.

74. Denied. In addition to a general denial of the allegations contained in paragraph 74, Jumio denies all allegations contained within Exhibit H to the Complaint.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. No response is required to the Prayer for Relief, but to the extent one is deemed required, Jumio denies that FaceTec is entitled to any relief whatsoever.

## GENERAL DENIAL

Except as expressly admitted above, Jumio denies each and every allegation in FaceTec's Complaint.

## ADDITIONAL DEFENSES

Further answering and as additional defenses, Jumio states the following. By raising the following additional defenses, Jumio does not assume the burden of proof of any issue that, as a matter of law, is FaceTec's burden to prove. Jumio further does not admit any allegation of the Complaint not otherwise expressly admitted and expressly incorporates the admissions and

denials in paragraphs 1 through 86, above. Jumio reserves the right to amend or augment these defenses on further investigation and discovery.

### First Defense

87. The Complaint fails to state facts upon which relief can be granted against Jumio.

### Second Defense

88. Jumio has not directly infringed, and is not directly infringing, any claims of U.S. Patent Nos. 10,776,471 (the "'471 patent"), 11,157,606 (the "'606 patent"), 11,693,938 (the "'938 patent"), or 11,874,910 (the "'910 patent") (collectively the "Asserted Patents") either literally or under the doctrine of equivalents. Jumio has not induced or contributed to, and is not inducing or contributing to, infringement of the Asserted Patents either literally or under the doctrine of equivalents.

### Third Defense

89. One or more claims of the Asserted Patents are invalid for failure to satisfy one or more conditions of patentability, including without limitation, those set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Fourth Defense

90. FaceTec is not entitled to injunctive relief because Jumio has not infringed and is not infringing any valid claim of the Asserted Patents and because any purported injury to FaceTec is not immediate or irreparable. Even if FaceTec could prove that it is entitled to relief, a remedy at law would be adequate, and the public interest and balance of hardships would disfavor an injunction.

### Fifth Defense

91. FaceTec's claim for damages, if any, against Jumio is statutorily limited, in whole or in part, by the provisions of 35 U.S.C. §§ 287 and/or 288.

*Sixth Defense*

92. FaceTec is not entitled to seek enhanced damages or attorneys' fees for willful infringement.

*Seventh Defense*

93. FaceTec is estopped by virtue of prior art or conduct and representations during prosecution of the Asserted Patents from presenting an interpretation of the claims necessary to find infringement by Jumio.

*Eighth Defense*

94. FaceTec's claims are barred in whole or in part by the equitable doctrines of waiver and unclean hands.

**RESERVATION OF RIGHTS**

Jumio reserves its right to raise additional defenses including, but not limited to, license, patent exhaustion, waiver, patent misuse, equitable estoppel, and judicial estoppel based on additional information learned during discovery or otherwise.

**JUMIO'S DEMAND FOR JURY TRIAL**

Jumio demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

Wherefore, Jumio prays for the following relief:

A.  FaceTec's Complaint be dismissed with prejudice;

B.  All remedies and relief FaceTec seeks be denied; and

C.  The Court enter the following judgments: (1) awarding Jumio its costs incurred in the prosecution and defense of this action and any related action; (2) declaring this case to be exceptional under 35 U.S.C. § 285, and awarding Jumio its reasonable attorneys' fees and costs incurred in the prosecution and defense of this action and any related action; and (3) awarding Jumio such other and further relief as the Court may deem just and proper.

## COUNTERCLAIMS

For its Counterclaims, Jumio alleges:

1. Jumio is a Delaware corporation with its principal place of business in Sunnyvale, California.

2. Jumio is informed and believes and thereon alleges that FaceTec is a Delaware limited liability company with a regular and established place of business in Las Vegas, Nevada.

## JURISDICTION AND VENUE

3. This is an action for declaratory relief regarding United States patents. This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, and 28 U.S.C. §§ 2201, 2202. An actual, substantial, and continuing justiciable controversy exists between Jumio and FaceTec based on FaceTec's multiple assertions of the Asserted Patents against Jumio with respect to which Jumio requires a declaration of its rights by this Court. Specifically, the controversy concerns the noninfringement and invalidity of the Asserted Patents and FaceTec's right to maintain suit for alleged infringement of the Asserted Patents.

4. The Court has personal jurisdiction over FaceTec, as FaceTec has submitted to the personal jurisdiction of this Court by filing its Complaint here.

5. Venue is proper in this Court because FaceTec has submitted to the venue of this Court by filing its Complaint here.

## FIRST COUNTERCLAIM

*Declaration of Noninfringement*

6. FaceTec's Complaint alleges that FaceTec owns the entire right, title, and interest in the Asserted Patents.

7. FaceTec has alleged and continues to allege that certain Jumio products and services infringe the Asserted Patents.

8. Jumio has not infringed and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and/or enforceable claim of the Asserted Patents for one or more of the reasons alleged in the Additional Defenses contained in Jumio's Answer to the Complaint, which paragraphs are incorporated into this Counterclaim by reference.

9. An actual case or controversy exists between FaceTec and Jumio because FaceTec asserts that certain Jumio products and services infringe the Asserted Patents even though they do not.

10. Jumio has been injured and damaged by FaceTec's filing its Complaint alleging that Jumio's products and services infringe the Asserted Patents when those products and services do not infringe the Asserted Patents.

11. Declaratory relief is both appropriate and necessary to establish that Jumio has not directly or indirectly infringed, literally or under the doctrine of equivalents, any valid claim of the Asserted Patents.

## SECOND COUNTERCLAIM

*Declaration of Invalidity*

12. Jumio incorporates and realleges paragraphs 1–11, above.

13. One or more claims of the Asserted Patents are invalid and unenforceable for one or more of the reasons alleged in the Additional Defenses contained in Jumio's Answer to the Complaint, which paragraphs are incorporated into this Counterclaim by reference.

14. An actual case or controversy exists between Jumio and FaceTec based on FaceTec having filed the Complaint against Jumio alleging infringement of claims of the Asserted Patents that are invalid.

15. Declaratory relief is both appropriate and necessary to establish that the Asserted Patents are invalid, and thus, cannot be asserted against the Accused Instrumentalities.

# PRAYER FOR RELIEF

Wherefore, Jumio prays for the following relief:

A. That FaceTec's Complaint be dismissed with prejudice;

B. That all remedies and relief sought by FaceTec be denied;

C. That judgment be entered that Jumio has not directly or indirectly infringed any valid claim of the Asserted Patents, either literally or under the doctrine of equivalents;

D. That judgment be entered declaring that the Asserted Patents are invalid or unenforceable; and

E. That the Court enter the following additional judgments: (1) awarding Jumio its costs incurred in the prosecution and defense of this action and any related action; (2) declaring this case to be exceptional under 35 U.S.C. § 285, and awarding Jumio its reasonable attorneys' fees and costs incurred in the prosecution and defense of this action and any related action; and (3) awarding Jumio such other and further relief as the Court may deem just and proper.

| | | |
|---|---|---|
| 1 | Dated: August 23, 2024 | PERKINS COIE, LLP |
| 2 | | |
| 3 | | By: /s/ *Grant E. Kinsel* |
| 4 | | |
| 5 | | Grant Kinsel, Bar No. 172,407 |
| | | gkinsel@perkinscoie.com |
| 6 | | Jessica Delacenserie, *pro hac vice forthcoming* |
| | | jdelacenserie@perkinscoie.com |
| 7 | | Samantha Carl, *pro hac vice forthcoming* |
| 8 | | scarl@perkinscoie.com |
| | | PERKINS COIE LLP |
| 9 | | 1201 Third Ave. |
| 10 | | Suite 4900 |
| | | Seattle, WA 98101-3099 |
| 11 | | Telephone: 206.359.8000 |
| 12 | | Fax: 206.359.9000 |
| 13 | | David Pekarek Krohn, *pro hac vice forthcoming* |
| 14 | | dpekarekkrohn@perkinscoie.com |
| 15 | | PERKINS COIE LLP |
| 16 | | 33 East Main St. |
| | | Suite 201 |
| 17 | | Madison, WI 53703-3095 |
| 18 | | Tel: 608.663.7496 |
| | | Fax: 608.283.4496 |
| 19 | | |
| 20 | | Jessica Kaiser, *pro hac vice forthcoming* |
| | | jkaiser@perkinscoie.com |
| 21 | | Tyler Knox, *pro hac vice forthcoming* |
| 22 | | tknox@perkinscoie.com |
| | | PERKINS COIE LLP |
| 23 | | 1900 Sixteenth St. |
| 24 | | Suite 1400 |
| | | Denver, CO 80202-5255 |
| 25 | | Tel: 303.454.2911 |
| 26 | | Fax: 303.291.2400 |
| 27 | | Attorneys for JUMIO CORPORATION |
| 28 | | |

**CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record for the parties.

<u>/s/ *Grant E. Kinsel*</u>
Grant E. Kinsel