Nathaniel L. Dilger (CA Bar No. 196203)
ndilger@onellp.com
Peter R. Afrasiabi (CA Bar No. 193336)
pafrasiabi@onellp.com
Taylor C. Foss (CA Bar No. 253486)
tfoss@onellp.com
**ONE LLP**
23 Corporate Plaza
Suite 150-105
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081

William J. O'Brien (CA Bar No. 99526)
wobrien@onellp.com
**ONE LLP**
400 Corporate Pointe, Suite 300
Culver City, CA 90230
Telephone: (310) 866-5158
Facsimile: (949) 943-2085

*Attorneys for Plaintiff and Counter-Defendant,*
FaceTec, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| FACETEC, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>JUMIO CORPORATION, a Delaware corporation,<br><br>Defendant. | Case No. 3:24-cv-03623-RFL<br>Hon. Rita F. Lin<br><br>**REQUEST FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE UNDER FED. R. CIV. P. 41(a)(2)**<br><br>***[Proposed] Order filed concurrently herewith***<br><br>Complaint Filed: June 14, 2024 |
| JUMIO CORPORATION, a Delaware corporation,<br><br>Counterclaimant,<br><br>v.<br><br>FACETEC, INC., a Delaware corporation,<br><br>Counter-Defendant, | |

---

**REQUEST FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

Case No. 3:24-cv-03623-RFL

## I. Introduction

Pursuant to Fed. R. Civ. P. 41(a)(2), Plaintiff FaceTec requests voluntary dismissal without prejudice of its claims for patent infringement against Defendant Jumio.

Since the filing of FaceTec's complaint, FaceTec has received information that significantly altered the calculus on which FaceTec based its decision to file this case. For almost three years, FaceTec has been pursuing a patent infringement case against iProov Ltd. in the District of Nevada (Case No. 2:21-cv-02252-ART-BNW), asserting two of the same patents involved in this case. The products accused of infringement in that case include liveness detection technology that iProov supplies to Jumio and that Jumio provides to many of its customers. FaceTec, however, did not name Jumio as a defendant in that case.

An important factor in FaceTec's decision to file its present infringement case against Jumio was Jumio's recent introduction of Jumio-branded liveness detection that was noticeably different from the iProov products that had prompted the suit in Nevada. This seemingly different Jumio technology was embodied in the "Jumio Showcase" apps available for Android and iOS. On examining it, FaceTec learned that it infringed FaceTec's patents for the same reasons as iProov's technology that prompted the Nevada suit and, indeed, was an even closer copy of FaceTec in some ways than that iProov technology.

Since filing this case, FaceTec's counsel has been advised by Jumio's counsel that, even though Jumio Showcase has a somewhat different user interface, it still uses iProov liveness detection technology--not any new liveness detection technology proprietary to Jumio. Jumio's counsel has advised that, while Jumio has indeed introduced its own proprietary liveness detection technology, that technology was not introduced until after FaceTec's investigation underlying this lawsuit, and is indeed still being rolled out. Having filed the complaint in this case on June 14, FaceTec's counsel had not found and was not aware of such new Jumio technology as of the filing of the complaint. In fact, we still have not located it in use, and Jumio's counsel has refused to provide any details about it. However, they have indicated that it uses a different methodology than the inventions described and claimed in the asserted FaceTec patents. They have also indicated that Jumio is phasing out its use of iProov liveness detection technology.

In addition, iProov has recently moved to intervene in this case, indicating that iProov technology is at issue here and that "iProov is better situated than Jumio to make [noninfringement] arguments as Jumio embeds the iProov technology into its own applications." iProov Motion to Intervene, Dkt. No. 36 at 2:8-10, 10:22-24.

Given this new information and new developments, it now appears to FaceTec that the present lawsuit, while meritorious, adds little to the patent litigation against iProov that is already well underway in the District of Nevada, which involves the same technology and two of the same asserted FaceTec patents. It now appears likely that the current litigation will largely be an unnecessary and wasteful duplication of that ongoing Nevada litigation. FaceTec therefore requests voluntary dismissal of its claims in this case to avoid the potential for unnecessarily expending party resources, to preserve scarce judicial resources, and to prevent the possibility of contradictory rulings and judicial findings between this litigation and the District Court of Nevada litigation.

Importantly, this litigation is at an early stage. Neither party has served discovery or infringement or invalidity contentions, and no depositions have been noticed or taken place. Because dismissal would thus result in no "plain legal prejudice" to Jumio, the Court should grant FaceTec's request and dismiss its claims in this lawsuit without prejudice.

## II. Discussion

FaceTec hereby requests pursuant to Fed. R. Civ. P. 41(a)(2) that the Court exercise its discretion and enter an order dismissing FaceTec's patent claims in this matter without prejudice, with the parties to bear their own attorneys' fees and costs.

In the Ninth Circuit, "[a] district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Pasoon v. Equifax Info. Servs. LLC*, No. 24-cv-00072-AMO, 2024 U.S. Dist. LEXIS 70338, at *2 (N.D. Cal. Apr. 17, 2024) (quoting *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001); *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1279 (9th Cir. 2023) ("Generally, Rule 41(a)(2) grants a district court discretion to dismiss a case with or without prejudice."); *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982) (holding that the decision to

grant a voluntary dismissal under Rule 41(a)(2) "is addressed to the sound discretion of the District Court.").

Following the filing of FaceTec's complaint in this action, counsel for FaceTec and Jumio have met and conferred repeatedly regarding the substance of FaceTec's patent infringement allegations. During these discussions, counsel for Jumio has represented that all of the liveness detection technology that FaceTec had analyzed before filing this complaint was provided to Jumio by iProov and does not include any separate liveness detection technology from Jumio. This includes even the Jumio-branded liveness detection technology that is used in the "Jumio Showcase" app, which was identified in FaceTec's complaint.

Counsel for FaceTec and iProov have also met and conferred regarding iProov's request to intervene in this litigation. During those discussions, counsel for iProov has made generally similar representations (some of which were repeated in iProov's intervention papers), suggesting that iProov is the source of all the liveness detection technology that has been the basis for FaceTec's Complaint against Jumio. *See, e.g.,* iProov Motion to Intervene, Dkt. No. 36 at 2:8-10 ("But at bottom, FaceTec's allegations of patent infringement clearly accuse iProov and its technology of infringement."); *Id* at 10:22-24 ("Indeed, iProov is better situated than Jumio to make such arguments as Jumio embeds the iProov technology into its own applications.") As such, this litigation appears to be largely duplicative of the District Court of Nevada patent litigation between FaceTec and iProov, which (1) has been ongoing for nearly 3 years and is now at a more advanced stage, and (2) involves the same technology and several of the same FaceTec patents that have been asserted here. *See Case No. 2:21-cv-02252-ART-BNW*. This concern becomes particularly important given iProov's request to intervene in this case.

In addition to the above, Jumio has represented that it is in the process of transitioning Jumio's customers away from technology sourced from iProov to a different liveness detection technology. While FaceTec has yet to see the relevant details of this yet-to-be introduced technology, Jumio has indicated that this technology is non-infringing because it uses a substantially different liveness detection methodology than the inventions described and claimed in the asserted FaceTec patents.

4
**REQUEST FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE**
Case No. 3:24-cv-03623-RFL

Based on these representations from both Jumio and iProov, this case appears to be both duplicative of and unnecessary in light of the ongoing litigation between FaceTec and iProov. FaceTec thus seeks voluntary dismissal of its affirmative patent claims to avoid unnecessarily expending party resources, to preserve scarce judicial resources, and to eliminate the possibility of contradictory rulings and judicial findings between this litigation and the District Court of Nevada litigation.

Jumio will also suffer no legal prejudice as a result of this voluntary dismissal without prejudice. This case is still at an early stage. No discovery requests have been served by either party, neither party has served infringement or invalidity contentions, and no depositions have been noticed or taken. Jumio will lose no defenses nor suffer any other legal or factual prejudice as result of the dismissal. The Court should thus order dismissal without prejudice of FaceTec's claims for patent infringement. *See Kamal*, 88 F.4th at 1279-80 (holding that a "District Court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result") (quoting *WPP Lux. Gamma Three Sarl v. Spot Runner, Inc.*, 655 F.3d 1039, 1058-59 n.6 (9th Cir. 2011)); *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996) ("'Legal prejudice' is a term of art: it means 'prejudice to some legal interest, some legal claim, some legal argument.'")

Importantly, the Ninth Circuit has made clear that "[u]ncertainty because a dispute remains unresolved is not legal prejudice," and "the threat of future litigation which causes uncertainty is insufficient to establish plain legal prejudice." *Westlands Water Dist.*, 100 F.3d at 96, 97. FaceTec has been involved for almost three years in patent litigation in the District of Nevada involving two of the same patents at issue in this litigation, but Jumio is not a party to that case. iProov is the sole defendant in the District of Nevada. And even if the circumstances were otherwise, "the mere inconvenience of defending another lawsuit does not constitute plain legal prejudice." *Hamilton*, 679 F.2d at 145. Indeed, while Jumio will not have to defend the case in Nevada, "plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal," *see Smith*, 263 F.3d at 975, 976, even that risk does not exist here.

Jumio's declaratory-judgment counterclaims provide no reason to deny FaceTec's request for dismissal. Even if Jumio chooses to continue pursuing those counterclaims after this voluntary dismissal, they would be subject to independent jurisdiction based on the Declaratory Judgment Act. The Court can dismiss FaceTec's claims even over Jumio's objection based on the language of Rule 41(a)(2) allowing such dismissal if a defendant's counterclaims "can remain pending for independent adjudication." FED. R. CIV. P. 41(a)(2).

## III. Conclusion

For at the reasons above, FaceTec requests that the Court enter an order dismissing all of FaceTec's claims in this action without prejudice. A proposed order is filed concurrently herewith. To the extent that the Court believes that any additional or different terms should be included in the order, or that this request raises any issues not addressed above, FaceTec requests an opportunity to be heard.

Dated: October 10, 2024                           **ONE LLP**

                                              By: */s/ Taylor C. Foss*
                                                        Taylor C. Foss
                                                        Nathaniel L. Dilger
                                                        Peter R. Afrasiabi
                                                        William J. O'Brien

                                                        *Attorneys for Plaintiff and Counter-Defendant,*
                                                        FaceTec, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 10, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record for the parties.

By: */s/ Taylor C. Foss*
Taylor C. Foss