UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACETEC, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>JUMIO CORPORATION,<br><br>        Defendant. | Case No. 24-cv-03623-RFL<br><br>**ORDER DENYING MOTION TO VOLUNTARILY DISMISS WITHOUT PREJUDICE AND GRANTING MOTION TO INTERVENE**<br><br>Re: Dkt. Nos. 36, 45, 50 |

      On June 14, 2024, FaceTec, Inc. brought this patent infringement suit against Jumio Corporation concerning liveness detection, which helps face recognition technology verify that it is being presented with a live human face. (Dkt. No. 1.) Jumio is a customer of iProov Ltd., and has represented that the allegedly infringing liveness detection technology in Jumio's applications was provided entirely by iProov Ltd. On September 16, 2024, iProov moved to intervene in the litigation on that same basis. (Dkt. No. 36.) Shortly thereafter, on October 10, 2024, FaceTec filed a notice of voluntary dismissal without prejudice, also on the same basis. (Dkt. No. 45.) Because Jumio has answered the Complaint, Federal Rule of Civil Procedure 41(a)(2) prohibits voluntary dismissal without court approval. Accordingly, the Court and the parties have construed FaceTec's filing as a motion for voluntary dismissal under Rule 41(a)(2). The Court finds both iProov's motion to intervene and FaceTec's motion for voluntary dismissal suitable for determination without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons stated below, FaceTec's motion for voluntary dismissal without prejudice is **DENIED**, and iProov's motion to intervene is **GRANTED**. This order assumes the reader is familiar with the facts, the applicable legal standards, and the arguments made by the parties.

      ***FaceTec's Motion for Voluntary Dismissal Without Prejudice.*** Under Rule 41(a)(2), a

1

district court retains discretion to dismiss a case with or without prejudice. "'[W]here the request is to dismiss without prejudice, a [d]istrict [c]ourt should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result.'" *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1279 (9th Cir. 2023) (quoting *WPP Lux. Gamma Three Sarl v. Spot Runner, Inc.*, 655 F.3d 1039, 1058-59 n.6 (9th Cir. 2011)).

Legal prejudice is "a term of art: it means 'prejudice to some legal interest, some legal claim, some legal argument.'" *Id.* (quoting *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996)). In determining whether plain legal prejudice exists, courts take several factors into account, including the "effort and expense [to the defendant] involved in preparing for trial," any "excessive delay and lack of diligence on the part of the plaintiff," and whether sufficient explanation for the "need to take a dismissal" was provided. *Burnett v. Godshall*, 828 F. Supp. 1439, 1443-44 (N.D. Cal. 1993). Neither the "threat of future litigation which causes uncertainty" nor the "mere inconvenience of defending another lawsuit" is sufficient to establish plain legal prejudice. *Westlands*, 100 F.3d at 97; *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982). But where a dismissal without prejudice affects the "rights and defenses available to a defendant in future litigation," legal prejudice can result. *Westlands*, 100 F.3d at 97.

A dismissal without prejudice of FaceTec's claims would result in plain legal prejudice to Jumio by affecting its ability to seek *inter partes* review ("IPR") by the Patent Trial and Appeals Board if this lawsuit is refiled. Defendants' ability to initiate IPR is time-limited by statute: IPR "may not be instituted if the petition requesting the proceeding is filed more than 1 year after the date on which the petitioner . . . is served with a complaint." 35 U.S.C. § 315(b). Even where a claim is voluntarily dismissed without prejudice, the statutory time bar applies. As such, the minute FaceTec served Jumio with its complaint, the clock to file for IPR began to tick.

If FaceTec's claims are dismissed without prejudice, Jumio would be confronted with the choice to "use-it-or-lose-it." Jumio could either incur the expense of initiating IPR on claims it may never have to defend against or be barred from seeking IPR if FaceTec opts to refile its

claims after the one-year mark passes. FaceTec argues that no prejudice would result from voluntary dismissal without prejudice because Jumio remains free to initiate IPR now. (Dkt. No. 51 at 5.) But where there are significant costs associated with pursuing the defense, and the choice to pursue such defense must be made before its necessity is established, the choice to use-it-or-lose-it amounts to no real choice at all. Dismissal without prejudice is not appropriate where it would affect the defendant's ability to defend against the refiled claims. *See, e.g.*, *Tibbetts By and Through Tibbetts v. Syntex Corp.*, No. 91-16637, 1993 WL 241567, at *2 (9th Cir. July 2, 1993) (affirming the district court's conclusion that "losing its statute of limitations defense" would amount to clear legal prejudice). Being forced to choose between expending considerable resources or losing the defense of initiating IPR amounts to legal prejudice. Accordingly, FaceTec's motion for voluntary dismissal without prejudice is denied.

  ***iProov's Motion to Intervene.*** To intervene as of right, a party must (1) make a timely application for intervention; (2) have a "significantly protectable" interest; (3) be "so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest;" and (4) not be "adequately represented by the existing parties in the lawsuit." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001) (internal citations omitted). FaceTec has not argued that the disposition of the action may impair or impede the applicant's ability to protect that interest. The remaining factors are all met as well.

  iProov's motion is timely. Timeliness is a "flexible concept," and district courts retain discretion to make this determination based on the totality of the circumstances. *Dilks v. Aloha Airlines, Inc.*, 642 F.2d 1155, 1156 (9th Cir. 1981). In assessing timeliness, courts consider (1) the stage of the proceedings; (2) the prejudice to other parties; and (3) the reason for and length of delay. *Cal. Dep't of Toxic Substances Control v. Com. Realty Projects, Inc.*, 309 F.3d 1113, 1119 (9th Cir. 2002). This litigation is still in its early stages. The Complaint was filed less than five months ago, and a case schedule was set less than two months ago. Claims construction is not for another seven months. Moreover, there is no indication that iProov waited to intervene

after it was made aware that its interests were implicated in the lawsuit.  *See Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 857 (9th Cir. 2016) ("[T]he only 'prejudice' that is relevant under this factor is that which flows from a prospective intervenor's failure to intervene after [they] knew, or should have known, that [their] interests were not being adequately represented—and not from the fact that including another party in the case might make resolution more 'difficult.'").  Thus, timeliness is satisfied.

iProov's interest is also "significantly protectable."  This is a threshold inquiry, and "[n]o specific legal or equitable interest need be established.  It is generally enough that the interest [asserted] is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue."  *Sw. Ctr. for Biological Diversity*, 268 F.3d at 818.  As FaceTec has recognized, Jumio "uses iProov liveness detection technology—not any new liveness detection technology proprietary to Jumio."  (Dkt. No. 45 at 2.)  iProov clearly has an interest in defending its proprietary technology against claims that it infringes Jumio's patents, and any finding of infringement by the accused iProov technology would necessarily affect iProov's interest.  Moreover, iProov has an economic interest in the litigation because it has indemnified Jumio.  (Dkt. No. 47-1, ¶ 7.)

The disposition of this action may impair iProov's ability to protect its interest.  A finding of infringement based on accused technology owned by iProov would effectively be a finding of infringement by iProov.  That would plainly affect iProov's interest in that technology and its ability to market the accused technology to Jumio and other customers.  FaceTec does not contest this factor in its opposition to iProov's motion.

Finally, iProov is not adequately represented by Jumio because the parties' incentives to litigate differ from one another.  In determining whether a party's interests are adequately represented, courts consider: "(1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect."  *Nw. Forest Res.*

*Council v. Glickman*, 82 F.2d 825, 838 (9th Cir. 1996). Where the parties share the same "ultimate objective" of representation, a presumption of adequacy applies. *Id.* at 838. Moreover, "the prospective intervenor bears the burden of demonstrating that the existing parties may not adequately represent its interest." *Sw. Ctr. for Biological Diversity*, 268 F.3d at 822 (citing *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983)). But that burden is "minimal," and the would-be intervenor need only establish that "representation of its interests by existing parties 'may be' inadequate." *Sagebrush*, 713 F.2d at 528 (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)).

Even assuming the presumption of adequacy applies, Jumio does not necessarily share iProov's interests. Jumio's interest is in showing that *its use* of iProov's technology does not infringe, whereas iProov's interest is in showing that the technology itself is noninfringing. Moreover, as FaceTec notes, Jumio has its own liveness detection method that does not rely on iProov's technology, and Jumio is transitioning its customers to that method. (Dkt. No. 45 at 4.) Jumio's primary interest may be preserving its ability to use its own products, potentially at the cost of making concessions or resolving claims about its past use of iProov's products. Thus, Jumio may have diverging interests from iProov that affect how it litigates this case, and as a result, it may be willing to concede particular lines of argument or reach stipulations that iProov may not. *Sw. Ctr. for Biological Diversity*, 268 F.3d at 824 (finding defendants need only show that a difference of interests may result in the parties advancing different arguments, but need not "anticipate specific differences in trial strategy").

Also, Jumio would not have the same level of knowledge about iProov's product as iProov does, and thus may not adequately represent iProov's interests. Although Jumio has incorporated the technology into its own applications, iProov is the entity that owns and developed the technology. (Dkt. No. 1 ¶ 31 (describing iProov as "deploying" its technology "for Jumio" and describing Jumio as "using iProov's infringing technology")). It is reasonable to infer that iProov possesses a much deeper understanding of its own product that its customer Jumio lacks.

Taken together, the foregoing analysis establishes that iProov is entitled to intervene as of right. However, had the necessary requirements for intervention as of right not been met, permissive intervention would have been granted as an alternative basis for iProov's involvement in the case. Under Rule 24(b), a court may grant permissive intervention upon timely request by a party who "has a claim or defense that shares with the main action a common question of law or fact." As already established, iProov's claims or defenses sufficiently "relate[] to the subject matter of the action," such that common questions of law or fact exist. *Brumback v. Ferguson*, 343 F.R.D. 335, 346 (E.D. Wash. 2022) (citing *Green v. United States*, 996 F.2d 973, 978 (9th Cir. 1993)). Thus, in the alternative, permissive intervention would have been granted.

*     *     *

For the reasons stated above, FaceTec's motion for voluntary dismissal without prejudice is **DENIED** (Dkt. No. 45), and iProov's motion to intervene is **GRANTED** (Dkt. No. 36). iProov's motion for leave to have its intervention motion decided prior to granting FaceTec's motion for voluntary dismissal without prejudice is **DENIED AS MOOT** (Dkt. No. 50.)

**IT IS SO ORDERED.**

Dated: November 1, 2024

RITA F. LIN
United States District Judge