# EXHIBIT 2

**UNITED STATES PATENT AND TRADEMARK OFFICE**

_____

**BEFORE THE PATENT TRIAL AND APPEAL BOARD**

_____

JUMIO CORPORATION,
Petitioner

v.

FACETEC, INC.,
Patent Owner

Patent Nos. 10,776,471

_____

*Inter Partes* Review No. IPR2025-00106

**DECLARATION OF JESSICA C. KAISER**

I, Jessica C. Kaiser, declare as follows:

1. I am an attorney with Perkins Coie LLP. I have personal knowledge of the facts set forth below, and if called as a witness, could and would competently testify thereto.

2. On November 7, 2024, Jumio filed Petitions in *inter partes* reviews of U.S. Patent No. 10,776,471 (IPR2025-00106), U.S. Patent No. 11,157,606 (IPR2025-00107), U.S. Patent No. 11,693,938 (IPR2025-00108), and U.S. Patent No. 11,874,910 (IPR2025-00109) (collectively, "the IPRs"). On March 11-12, 2025, Patent Owner FaceTec, Inc. ("Patent Owner" or "FaceTec") filed Patent Owner Preliminary Responses (POPRs) in the IPRs. On March 25, 2025, Petitioner requested authorization from the Board to file preliminary replies in the IPRs to address two of Patent Owner's arguments (RPI/privity and Tanii). On April 2, 2025, the Board granted the request.

3. When I use the term "iProov" in this declaration I am referring to iProov and its counsel. When I use the term "Petitioner" I am referring to Petitioner Jumio and its counsel.

4. I personally worked on the Petitions and was the lead attorney on them. iProov did not direct, control, or fund the Petitions. iProov did not work on the Petitions nor was it involved with the Petitions in any way. Petitioner never provided drafts of the IPR Petitions to iProov, and Petitioner never discussed the IPR Petitions

1

or their substance with iProov.

5.    I attest that iProov did not provide or suggest the prior art in the IPR Petitions to Petitioner, including Derakhshani and Zhang.  Petitioner commissioned a prior art search independently to find prior art relevant to potential IPRs and the pending patent infringement action in the Northern District of California (*FaceTec, Inc. v. Jumio* Corp., C.A. No. 24-cv-03623).  Petitioner knew about Derakhshani separate from that independent prior art search because it owns the Derakhshani patent.  Petitioner did not have or look at the invalidity contentions in the Nevada action involving iProov (*FaceTec, Inc. v. iProov Ltd.*, C.A. No. 2:21-cv-02252) prior to filing the Petitions and the Petitions were not based on them.

6.    With respect to Patent Owner's arguments that Petitioner and iProov coordinated on a joint set of invalidity contentions in the California action, any communications between Petitioner and iProov relating to those invalidity contentions occurred well *after* Petitioner filed the Petitions.  Petitioner filed the Petitions on November 7, 2024.  The invalidity contentions in the California case were initially due on December 27, 2024.  On December 9, 2024, FaceTec, Jumio, and iProov submitted a stipulated request to extend the deadline to January 10, 2025, which the Court granted.  The Court subsequently extended the deadline further to January 17, 2025, at iProov's request.  Petitioner did not have any communications with iProov relating to the invalidity contentions in the California case before the

Petitions were filed.

7.    I declare that all statements are made herein of my own knowledge and are true, that all statements made on information and belief are believed to be true, and that these statements were made with knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under section 1001 of Title 18 of the United States Code.

Dated: April 30, 2025    By: _____
Jessica C. Kaiser, Reg. No. 58,937
PERKINS COIE LLP
1900 Sixteenth St., Suite 1400
Denver, CO 80202-5255
E: kaiser-ptab@perkinscoie.com
Tel: (303) 291-2300