# EXHIBIT 3

| From: | Trevor Chaplick |
| --- | --- |
| To: | Kuwayti, Kenneth A. |
| Cc: | Gina Signorello |
| Subject: | Morrison Foerster Conflict of Interest |
| Date: | Friday, April 11, 2025 7:04:06 PM |

**External Email**



**This message needs your attention**

• This is their first email to your company.

Report this Email or Mark as Safe                 Powered by Mimecast

Ken,

We are in receipt of the email below from Gina Signorello confirming that you and your firm Morrison Foerster are now counsel of record for Jumio to replace Perkins Coie which has been disqualified by the District Court for ethical violations against FaceTec in the current patent litigation (Case 3:24-cv-03623-RFL).

We formally object to your representation of Jumio in these matters  because you and your firm  were co-counsel of record along with Perkins Coie on behalf of Jumio in this case.

You and your firm served as co-counsel of record in this case with Perkins for a material amount of time during which Perkins' ethical violations are presumed to infect your firm's representation against FaceTec. You and your firm first appeared in this case on July 14, 2024 (ECF 14 -Stipulation to Extend Time to Respond to Complaint). Perkins made an official appearance in the patent litigation on August 7, 2024 (ECF 15), yet your firm did not file a notice of withdrawal until 19 days thereafter on August 26, 2024 (ECF No. 20 by docket entry only without filing any document).

We also know from affidavits that Perkins filed in December 2024 with the Court that Perkins incurred approximately 2,000 hours of billable time adverse to FaceTec "since July 2024" confirming that Perkins' representation predated their formal appearance by a significantly longer period of time during which time Morrison Foerster was also counsel of record for Jumio in the same case (Opposition to Motion to Disqualify ECF No. 70-19).  It would strain credulity to believe that there were no communications or coordination between Perkins and Morrison Foerster as counsel of record in the same case during this significant period of overlap of up to nearly a month and a half.

The law presumes that any communication between a client and its counsel is privileged. *Edwards Wildman Palmer LLP v. Superior Court*, 231 Cal. App. 4th 1214, 1225 - 1226 (2014) (Communications between a lawyer and his client are presumed confidential) (citing Cal. Evid. Code § 952); *see also* Cal. Evid. Code § 954.  Similarly, this presumptive principle applies to co-counsel of record in a litigation matter in presuming communications between counsel are attorney-client privileged communications. *Id.*; *see also Musser v. Provencher*, 28 Cal. 4th 274 (2002) (Co-counsel may sue one another for indemnification of malpractice damages, suggesting that co-counsel are held to the same standards of loyalty and confidentiality as the primary attorney).

The Ninth Circuit has disqualified a law firm serving as co-counsel to an already disqualified attorney based on the reasonable assumption that such firms have engaged in discussions about the case, and even if such discussions had not occurred, based on vicarious disqualification due to the appearance of impropriety because their involvement in the case would taint the appearance of probity and fairness of the proceedings. *Beltran v. Avon Products, Inc.* 867 F.Supp.2d 1068 (C.D. Cal. 2012). It is notable that

Judge Lin grounded her order disqualifying Perkins in part on similar principles of avoiding the appearance of impropriety: "it is appropriate here in order to advance substantial justice and to preserve the public trust in the integrity of the bar and the administration of justice". See, also Pound v. DeMera DeMera Cameron, 135 Cal. App. 4th 70 (2005) ("We conclude that once the trial court determined [the associated counsel] received confidential information from [the opposing party], the disqualification of [the firm] was required." Pound, 135 Cal. App. 4th at 73 (emphasis added)); Advanced Messaging Technologies, Inc. v. EasyLink Services Intern. Corp., 913 F.Supp.2d 900 (2012) (the Court concluded that the Vicarious Presumption Rule should apply to Perkins Coie as the conflicted co-counsel in this scenario, and that Perkins as co-counsel be disqualified, finding that the decisions that declined to apply the Vicarious Presumption Rule to co-counsel "are not persuasive." Id. at 910; the Court went on to explain that "[o]nce there is a presumption that a firm possesses confidential information, generally that presumption is irrebuttable and disqualification is compelled." Id. at 911 (emphasis added)).

We object to your representation of Jumio in both this patent litigation, and will also object if you were to attempt to represent Jumio in the IPR matter. If Morrison Foerster does not immediately resign as counsel of record in both matters, you risk disqualification as counsel similar to Perkins Coie.

We request that you and your firm promptly resign due to material conflicts of interest. We have reasonable grounds to believe that Morrison Foerster has been ethically compromised by its interactions and coordination with Perkins Coie.

Please immediately notify us of your intent to withdraw.

Regards,

Trevor

Trevor Chaplick
Chief Legal Officer and Executive VP for Corporate Development | FaceTec, Inc.
(571) 275-3333 | trevor@facetec.com
www.facetec.com | www.liveness.com
"Fix Identity, Fix the World" | www.urcodes.com

On Tue, Apr 8, 2025, at 11:19 PM, Gina Signorello wrote:

Trevor,

I am in receipt of your emails dated April 1st and 4th. I'm disappointed that you mischaracterize what was stated during our call, including that FaceTec has "not received any proposal from Jumio." I did in fact put forth a settlement proposal during that call that involved a zero fee patent cross license between Jumio and FaceTec, which would be advantageous to FaceTec due to the robustness of Jumio's patent portfolio compared to FaceTec's. We look forward to FaceTec seriously considering and replying to that offer. You've also mischaracterized my description of a "universal" resolution, which would not be limited to just the currently pending claims and proceedings. Please treat this paragraph as a confidential settlement communication pursuant to Federal Rule of Evidence 408.

FaceTec, via its counsel, has clearly been communicating with Perkins Coie regarding case transition matters. Please continue to communicate directly with Perkins regarding such matters.

Also, we are at a point where it makes sense for you to direct your communications to Ken Kuwayti at Morrison Foerster rather than send emails to me, so please direct future correspondence to Mr. Kuwayti.

Regards,

Gina



Gina Signorello
General Counsel
gina.signorello@jumio.com
100 Mathilda Place, Suite 100, Sunnyvale,
CA 94086
jumio.com

    





Jumio Privacy Notice | Privacy & Trust Center