KENNETH A. KUWAYTI (CA SBN 145384)
KKuwayti@mofo.com
CHELSEA KEHRER (CA SBN 340744)
CKehrer@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600
Facsimile:  650.494.0792

RAGESH K. TANGRI (CA SBN 159477)
RTangri@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: 415.268.7000
Facsimile:  415.268.7522

KYLE W.K. MOONEY (*pro hac vice*)
KMooney@mofo.com
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019-9601
Telephone: 212.468.8000
Facsimile:  212.468.7900

Attorneys for Defendant
JUMIO CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACETEC INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>JUMIO CORPORATION, a Delaware corporation,<br><br>Defendant,<br><br>and<br><br>IPROOV LTD., a United Kingdom limited company,<br><br>Defendant-Intervenor. | Case No. 3:24-cv-3623-RFL<br><br>**DECLARATION OF ALEX S. YAP IN SUPPORT OF JUMIO'S OPPOSITION TO FACETEC'S MOTION TO DISQUALIFY**<br><br>Date:  July 1, 2025<br>Time:  10:00 AM<br>Courtroom:  15<br><br>Judge: Hon. Rita F. Lin<br>Action Filed: June 14, 2025 |

I, Alex S. Yap, declare:

1.      I am a partner at the law firm of Morrison & Foerster LLP ("Morrison").  I make this declaration based on my own personal knowledge.  If called as a witness, I could and would competently testify to the facts set forth herein.

2.      Jumio Corporation ("Jumio") retained Morrison to represent it in *inter partes* review proceedings before the Patent Trial and Appeal Board challenging the FaceTec patents asserted in this case ("IPR Proceedings"):  IPR2025-00106 (U.S. Patent No. 10,776,471), IPR-2025-00107 (U.S. Patent No. 11,157,606), IPR2025-00108 (U.S. Patent No. 11,693,938), and IPR2025-00109 (U.S. Patent No. 11,874,910).  The other Morrison attorneys who will be working with me on the IPR Proceedings are Jean Nguyen and Mehran Arjomand.  Mr. Arjomand has not performed any work yet.

3.      I have participated in two high-level calls with attorneys from Perkins Coie LLC ("Perkins") to discuss this case and the IPR proceedings.

4.      On April 2, 2025, Ken Kuwayti and I had a high-level, introductory call about this case with Gina Signorello, Jumio's General Counsel, and Grant Kinsel of Perkins.  On that call, Mr. Kinsel described the ethical wall that had been put in place at the outset of the case and that no members of his team had had communications about FaceTec with any Perkins attorneys who had done prior work for FaceTec.  Mr. Kinsel also identified categories of work product that Perkins possessed without describing their content.  We did not discuss any FaceTec products, FaceTec patents, or the patentability, validity, or obviousness of any FaceTec patents.  I do not believe that any FaceTec confidential information was disclosed during this call.

5.      On April 4, 2025, Ms. Nguyen and I had an introductory call regarding the IPR Proceedings with Ms. Signorello, Mr. Kinsel, and Jessica Kaiser, the Perkins partner who had been leading the IPR Proceedings.  Prior to the call I wrote to make certain that no information about Perkins' prior representation of FaceTec would be shared.  During the call, Ms. Kaiser provided a high-level overview of the IPR Proceedings, including Jumio's April 16 deadline to file reply briefs concerning discretionary denial issues ("IPR Reply Briefs").  We did not discuss any FaceTec products, FaceTec patents, or the patentability, validity, or obviousness of any

FaceTec patents—other than what is disclosed on the face of the publicly-filed IPR petitions. I do believe that any FaceTec confidential information was disclosed during this call.

6.      Other than the above-described calls, Jean, Mehran, and I have not had any oral communications with any Perkins attorneys about this case, the IPR Proceedings, FaceTec, or any FaceTec patents.

7.      I have exchanged a handful of emails with Perkins attorneys to discuss this case and the IPR proceedings. Those emails concerned logistics relating to an extension to file the IPR Reply Briefs, as well as the filing of updated Powers of Attorney and mandatory notices for the IPR Proceedings. Those emails do not include any information concerning FaceTec products, FaceTec patents, or the patentability, validity, or obviousness of any FaceTec patents. I do not believe that any FaceTec confidential information was disclosed in any of these emails.

8.      Other than the above-described emails, Jean, Mehran, and I have not had any written communications with any Perkins attorneys about this case, the IPR Proceedings, FaceTec, or any FaceTec patents.

9.      Other than the above-described communications, Jean, Mehran, and I have not had any oral or written communications with Jumio about this case, the IPR Proceedings, FaceTec, or any FaceTec patents.

10.     I am aware of Perkins having provided to Morrison four declarations for the IPR proceedings concerning the extent of any iProov involvement in the IPR Proceedings. I am not aware of Perkins having provided any other work product to Morrison relating to this case, the IPR Proceedings, FaceTec, or any FaceTec patents.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 27th day of May, 2025, in Los Angeles, California.

_/s/ Alex S. Yap_
Alex S. Yap

Yap Decl. In Support Of Jumio's Opp. To FaceTec's Motion To Disqualify
Case No. 3:24-cv-3623-RFL

2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTESTATION OF E-FILED SIGNATURE**

I, Ragesh K. Tangri, am the ECF User whose ID and password are being used to file this Declaration.  In compliance with Civil L.R. 5-1(i)(3), I hereby attest that Alex S. Yap has concurred in this filing.

Dated: May 27, 2025

*/s/ Ragesh K. Tangri*
Ragesh K. Tangri

Yap Decl. In Support Of Jumio's Opp. To FaceTec's Motion To Disqualify
Case No. 3:24-cv-3623-RFL

3