UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| FACETEC, INC.,<br><br>   *Plaintiff*,<br><br>   v.<br><br>JUMIO CORPORATION,<br><br>   *Defendant*,<br><br>   and<br><br>IPROOV LTD.,<br><br>   *Intervenor-Defendant* | Case No. 5:24-cv-3623-RFL<br><br>Declaration of Grant Kinsel<br><br>Date: 7/1/2025<br>Time: 10 a.m.<br>Crt Rm: 15, Hon. R. Lin |

I, Grant Kinsel, declare:

1. I make this declaration on the basis of personal knowledge, and if called to testify as a witness, I would and could testify competently hereto.

2. I was lead counsel for Jumio in the above-captioned matter from July 2024 until Perkins Coie, LLP was disqualified pursuant to the Court's order dated March 28, 2025. Since that date, neither I nor Perkins Coie have represented Jumio in connection with this litigation. Additionally, the firm voluntarily withdrew from representing Jumio in the related IPR proceedings, even though the Court's order did not extend to those proceedings.

3. Beginning from when we were first retained in the matter in approximately July 2024, I was responsible for all aspects of the litigation. Accordingly, I participated in or am aware of the limited communications Perkins Coie had with attorneys at Morrison & Foerster related to this litigation or the related IPR proceedings.

4. While Perkins Coie still represented Jumio in this litigation, FaceTec, Jumio, and iProov served and exchanged the patent disclosures required by the patent local rules and the Court's scheduling order. This included:

- FaceTec's infringement contentions, which were served on November 12, 2024;
- Jumio's invalidity contentions, which were served on January 17, 2025;
- The proposed terms for construction, which were exchanged on January 17, 2025;
- The preliminary claim construction and extrinsic evidence, which were exchanged on January 31, 2025; and
- FaceTec's damages contentions, which were served on February 18, 2025.

5. Under the Court's schedule, the parties were required to exchange Joint Claim Construction and Prehearing Statements and Expert Reports on February 25, 2025. The parties meet and conferred to narrow the claim-construction disputes. Moreover, Perkins Coie finalized Jumio's claim-construction positions and, working with its expert, finalized his report for service on February 25. But the evening before the parties were required to exchange their claim-construction positions and reports, FaceTec filed an *ex parte* application to change the dates of, among other things, the final claim-construction exchange. Dkt. 91. On February 25, before Jumio exchanged its final claim-construction positions and expert report, the Court stayed all proceedings, and thus, Jumio did not serve these materials (neither did FaceTec).

6. FaceTec filed its motion to disqualify on December 16. Dkt. 61. Most of the exchanges described in the proceeding paragraphs occurred *after* FaceTec filed its motion. Yet, at no time, including in connection with its *ex parte* application to change dates, did FaceTec suggest that it would be impermissible for Perkins Coie to continue providing or receiving information pending the disqualification ruling. In fact, FaceTec used the pendency of the disqualification motion as a basis to *resist* Jumio's requested stay. Dkt. 62, 6:1–13.

7. Perkins Coie and Morrison & Foerster were never co-counsel in this litigation. I address the limited communications between Perkins Coie and Morrison & Foerster over the three relevant time periods below.

8. **July 2024 – August 26, 2024**. Perkins Coie appeared in this litigation on behalf of Jumio on August 7, 2024. *See* Dkt. No. 15. Perkins Coie began representing Jumio in connection with this litigation a short time before that, in July 2024. Morrison & Foerster withdrew from representing Jumio in this litigation on August 26, 2024. Dkt. No. 20. During this time, Perkins Coie did not communicate with anyone at Morrison & Foerster, either orally or in writing.

9. **August 26, 2024 – March 28, 2025**. As set forth above, I was lead counsel for Jumio in this litigation until Perkins Coie's disqualification on March 28, 2025. My role as lead counsel is described in detail in my December 30, 2024 declaration. Dkt. No. 70-19. During the period after Morrison & Foerster's withdrawal and before Perkins Coie's disqualification, Perkins Coie did not communicate orally with Morrison & Foerster. Perkins Coie's limited communications with Morrison & Foerster during this time consisted of a handful of email communications.

10. **March 28, 2025 – Present**. After Perkins Coie's disqualification on March 28, 2025, I had two video calls with attorneys at Morrison & Foerster, one on April 2, 2025 and one on April 4, 2025. In general, these calls consisted of high-level discussions of the status of the proceedings and are described in the paragraphs immediately following.

11. On April 2, 2025, I participated in a video call with an attorney from Jumio and an attorney from Morrison & Foerster (Ken Kuwayti). In this video call, I explained the status of the present litigation, the various pending motions, and the type of work product in Jumio's client file for this matter at Perkins Coie. I did not discuss or otherwise describe the substance of the information and material at Perkins Coie. I do not have, and have never had, any FaceTec confidential information. Thus, I did not—and indeed could not—disclose any FaceTec confidential information in this video call.

12. On April 4, 2025, I participated in a video call with my partner Jessica Kaiser (then attorney of record for Jumio in the related IPR proceedings) and two attorneys from Morrison & Foerster (Alex Yap and Jean Nguyen). In this video call, like the April 2 call, Ms. Kaiser and I explained the status of the IPR proceedings (including that Jumio had an approaching deadline to file a reply brief) and identified the type of work product in Jumio's client file for the IPR proceedings at Perkins Coie. We did not discuss or otherwise describe the substance of the

information and material at Perkins Coie. We did not disclose any FaceTec confidential information in this video call, as neither Ms. Kaiser nor I have any such information.

13. As described in my December 30, 2024 declaration, Dkt. No. 70-19 and 70-20 (copy of screen), the Perkins Coie litigation team was ethically screened from receipt of or access to FaceTec information obtained during the firm's prior representation of FaceTec. Neither Ms. Kaiser nor I have any FaceTec confidential information to disclose in any of the limited communications we have had with Morrison & Foerster related to this litigation or the IPR proceedings. Of course, FaceTec publicly filed its own confidential information in connection with its motion to disqualify, *see e.g.*, Dkt. 61-1–61-7, but neither Ms. Kaiser nor I discussed this information with Morrison & Foerster. The ethical screen remains in place to the present; the firm has not lifted the screen even following the firm's disqualification.

14. In addition to the video calls described above, I have had limited communications with Morrison & Foerster in writing following Perkins Coie's disqualification. In general, these communications related to ensuring Morrison & Foerster was aware of procedural developments prior to its appearance in the matters (e.g., confirming Perkins Coie would withdraw from the IPR proceedings), and to Perkins Coie's communications with FaceTec about the potential transfer of Jumio's client file at Perkins Coie to Morrison & Foerster. In none of these communications did I or anyone else at Perkins Coie disclose FaceTec's confidential information to Morrison & Foerster.

15. I consulted with Perkins Coie's Office of General Counsel about the substance of my limited communications with Morrison & Foerster following Perkins Coie's disqualification to ensure those communications complied with the Court's March 28, 2025 disqualification order and with Perkins Coie's ethical obligations concerning both Jumio's client file and information relating to the firm's

prior representation of FaceTec.[1] Out of an abundance of caution, Perkins Coie has not transferred Jumio's client file to Morrison & Foerster, and will not do so, absent a Court order approving such a transfer. Consistent with this, we have not disclosed the substance of the work product Perkins Coie prepared on behalf of Jumio in this litigation or the IPR proceedings, nor have we disclosed the substance of any other aspect of Jumio's client file to Morrison & Foerster.

16. As I explained in my December 30, 2024 declaration, prior to FaceTec filing its motion on December 16, 2024, neither I nor any member of my team had ever seen any confidential FaceTec materials from any source, including from either Perkins Coie or Jumio. We had, of course, conducted research regarding FaceTec in *publicly available information*, including FaceTec's website and other public-facing sources (including, for example, FaceTec's Youtube channel (https://www.youtube.com/c/FaceTecVideos)). All information that my team and I have regarding FaceTec and its technology comes exclusively from publicly available sources available to any member of the public with an Internet connection. We did not ask for, search for, or receive any confidential FaceTec information from any source, including Perkins Coie or Jumio. We have, however, reviewed FaceTec's materials that it publicly filed in connection with its Motion to Disqualify. As relevant here, I did not discuss the substance of even this publicly available information with Morrison & Foerster in any of my limited communications with

---

[1] I am not describing the substance of my communications with Perkins Coie's Office of General Counsel because they are protected by Perkins Coie's attorney-client privilege.

1 | that firm.

2 |     I declare under the penalty of perjury under the laws of the United States of
3 | America that the foregoing is true and correct. Executed May 27, 2025, at Seattle,
4 | WA.

_____<br>Grant Kinsel